**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50215 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02892-JAH-1 |
| v. | |
| TYRONE CEDRIC DUREN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted February 9, 2022
Pasadena, California

Before: SCHROEDER, TALLMAN, and LEE, Circuit Judges.

Tyrone Duren appeals the 130-month sentence imposed following his guilty

plea to ten counts of transactional money laundering in violation of

18 U.S.C. § 1957(a), eight counts of false statements to federal agents in violation

of 18 U.S.C. § 1001(a)(2), and one count of tax evasion in violation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

26 U.S.C. § 7201. Duren's crimes were committed while he was a Special Agent for Immigration and Customs Enforcement and assigned to the bulk cash smuggling task force. Duren stole funds that had been confiscated as illegal proceeds of drug trafficking and then engaged in various cover-up activities.

He first challenges the two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) that was imposed for his supervisory role in his wife's participation in the conspiracy. He objects to the district court's consideration of her guilty plea to filing a fraudulent loan application, because he contends it was not sufficiently related to any of the criminal conduct with which he was charged in this proceeding. The record, however, contains ample evidence that the two worked together to hide the proceeds that enabled both to live beyond their legitimate means. Both knew the sources and extent of their legitimate financial resources, as she did the accounting work for their property management business. *See United States v. Syrax*, 235 F.3d 422, 427-28 (9th Cir. 2000). Appellant also acknowledges that his wife made at least one deposit of stolen funds in furtherance of the money laundering scheme. And after authorities searched their house, and they were on notice that law enforcement suspected criminal activity, Duren traveled to Croatia and opened an account for deposit of stolen funds. His wife later accompanied him to Croatia and added her name to the account. These

2

findings are not clearly erroneous and the two-level enhancement was not an abuse of discretion. *See United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008).

The district court did not err in applying a six-level increase for laundering funds derived from drug trafficking. *See* U.S.S.G. § 2S1.1(b)(1). Duren pled guilty to violating 18 U.S.C. § 1957, and admitted that the laundered money was proceeds derived from the unlawful activity of drug trafficking. His theory, that he should be sentenced as if he had merely stolen government property rather than proceeds of drug trafficking, is contrary to the facts and has no support in the law.

The district court held four days of evidentiary hearings and, as our law requires, conscientiously considered all relevant evidence related to Duren's possible sources of income in order to calculate the financial loss. *See United States v. Jenkins*, 633 F.3d 778, 808-09 (9th Cir. 2011). Duren has not demonstrated there was any error in that calculation or in the conduct of the hearings.

The district court imposed a sentence that exceeded the Guideline range by nine months. There was no error. The range is advisory, not mandatory. *See United States v. Booker*, 543 U.S. 220, 245 (2005). The district court explained its analysis of the 18 U.S.C. § 3553(a) factors, and with reasons that are readily understandable to this court.

**AFFIRMED.**